[No. B121437. Second Dist., Div. Two. Nov. 23, 1998.]

L&B REAL ESTATE et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
BARBARA SCHWAB, Real Party in Interest.

**COUNSEL**

Ezer & Williamson and Mitchel J. Ezer for Petitioners.

No appearance for Respondent.

A. Jay Norton for Real Party in Interest.

**OPINION**

**BOREN, P. J.**—Petitioners seek a writ of mandate directing the superior court to set aside its order denying their summary judgment motion. The question presented is whether testimony from a criminal trial may be used to support a motion for summary judgment filed in a civil case when the testimony is subject to an objection lodged pursuant to Evidence Code section 1292. We conclude it may not, and that this petition must, therefore, be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Real party in interest Barbara Schwab was the plaintiff in the underlying wrongful death action. She is the mother of decedent Anitra Jolie Watson who was killed in an apartment owned by petitioners L&B Real Estate and William Little (hereafter L&B). Watson was either participating in an attempted robbery at the time she was killed, or was on the premises for some other purpose.

The complaint alleges that L&B rented an apartment to an individual who identified himself as "Sam Davis," and that drugs were being sold from the apartment.[1] L&B allegedly knew about this criminal enterprise, and that the "potentially violent criminals" who were on the premises posed a danger to any person who came onto the premises. L&B, however, took no action to abate the danger. Real party in interest further alleges that her daughter (Watson) was invited to go to the property by two male acquaintances; that she did not know the property was occupied by criminal conspirators who were using the property for an unlawful criminal activity; and that she did not go to the property to engage in criminal activity.

---

[1]For purposes of this petition, it will be assumed that the individual selling drugs from the apartment on the date the decedent was killed was an individual named "Maurice Gladden."

L&B moved for summary judgment contending that the wrongful death action is barred by Civil Code section 847[2] which provides that a real estate owner is not liable to any person for any death that occurs upon the property during the course of a robbery. In other words, L&B claimed it owed no duty to Watson because she was on the apartment premises to commit a robbery.

In support of its motion, L&B offered transcript testimony from the criminal prosecution of Deon L. Holt, one of the individuals L&B alleges conspired with Watson to commit the attempted robbery. Also submitted was the deposition transcript of the lead investigating officer. These documents set forth Holt's version of what transpired on the night Watson was killed. Holt testified that he and Watson and a third party[3] (hereafter referred to as Phillips) conspired to rob Gladden, a local drug dealer. The plan was for Watson to make a purchase and then return to her car parked nearby. She would then feign car trouble, return to the drug dealer's apartment and gain entry by asking to use the telephone, ostensibly to seek help with her car. Watson would then allow Phillips and Holt to enter, and they would proceed to relieve the drug dealer of his drug supply and any cash that might be present. Watson, armed with a handgun, did gain entry. Once inside, the plan went awry. Holt, outside the apartment with Phillips, heard Watson cry out for help and then heard two gunshots. Holt stayed in the alley for approximately 15 minutes, waiting for Watson to appear. When she did not appear, he walked home, a journey of approximately 15 miles, and later, being uncertain of her fate, attempted to contact Watson by paging her. Watson's body was discovered the following day.

In addition to the foregoing evidence, L&B presented real party in interest's deposition testimony wherein she testified that she has no knowledge of what actually transpired at the time her daughter was shot to death.

Real party in interest offered no evidence in opposition to L&B's motion for summary judgment. Instead, she objected to L&B's evidence pursuant to Evidence Code section 1292 on the basis that it was hearsay.

The superior court, holding that L&B had failed to carry its initial burden of proving that L&B owed no duty of care to Watson, denied the motion for summary judgment. This petition for writ of mandate followed.

---

[2]Section 847, subdivision (a) provides: "(a) An owner . . . of . . . real property, whether possessory or nonpossessory, shall not be liable to any person for any injury or death that occurs upon that property during the course of or after the commission of any of the felonies set forth in subdivision (b) by the injured or deceased person." Subdivision (b) provides that the felonies to which the provisions of this section apply include robbery and attempted murder.

[3]Holt refused to name the individual who went with him and Watson to the apartment either to the police or while testifying. Holt indicated it was his desire to avoid being a "snitch." It is presumed Phillips was the third coconspirator.

## II. Contention

L&B contends that "authenticated former testimony is admissible in lieu of declarations in summary judgment proceedings," and that the superior court therefore erred in denying L&B's motion for summary judgment.

## III. Discussion

*Summary Judgment Rules*

■ Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)[4] A defendant "has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the [plaintiff's] cause of action . . . cannot be established . . . ." (§ 437c, subd. (o)(2).) Once the moving defendant has satisfied this obligation, the burden shifts to the plaintiff to demonstrate a triable issue of material fact as to the existence of the element or elements challenged by the defendant. (*Ibid.*) To do so, the plaintiff may not rely upon the "mere allegations . . . of its pleadings" and instead must show by "specific facts" that the requisite triable issue of material fact is present. (*Ibid.*)

In making a determination as to whether L&B satisfied its burden of proof under section 437c, subdivision (o)(2), we assume the role of the trial court and reassess the merits of the motion. In doing so, we will consider only the facts properly before the trial court at the time it ruled on the motion. We independently review the admissibility of Holt's trial testimony. (*Gatton* v. *A.P. Green Services, Inc.* (1998) 64 Cal.App.4th 688, 692 [75 Cal.Rptr.2d 523] (*Gatton*).)

■ The evidence proffered in support of L&B's summary judgment motion was testimony from the criminal prosecution of Holt, an individual who testified that Watson attempted the armed robbery of Gladden's apartment. Relying on *Williams* v. *Saga Enterprises, Inc.* (1990) 225 Cal.App.3d 142, 148-150 [274 Cal.Rptr. 901] (*Williams*), L&B claims that in summary judgment proceedings, authenticated former testimony is treated the same as a declaration of the witness and as such is admissible, and that the trial court should not, therefore, have sustained real party's Evidence Code section 1292 objection.

Evidence Code section 1292, subdivision (a) provides: "Evidence of former testimony is not made inadmissible by the hearsay rule if:

---

[4]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

"(1) The declarant is unavailable as a witness;

"(2) The former testimony is offered in a civil action; and

"(3) The issue is such that the party to the action or proceeding in which the former testimony was given had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which the party against whom the testimony is offered has at the hearing."

The plaintiff in *Williams* sued a restaurant over injuries allegedly sustained in a collision with a driver who had left the restaurant in an intoxicated condition. In resisting summary judgment, the plaintiff sought to take the case out of statutory immunity for purveyors of alcohol (Civ. Code, § 1714) by showing an undertaking by the restaurant. He offered transcript testimony from a criminal prosecution of the driver in which a night manager, Bob Nolan, testified that the driver customarily gave his car keys to the bartender, who would hold them if the driver was not fit to drive his vehicle after he left the restaurant. (*Williams*, *supra*, 225 Cal.App.3d at pp. 145-146, 148-150.)

On the summary judgment motion, the restaurant had opposed the use of the transcript on various grounds. On the issue of hearsay, the appellate court stated: "While the reporter's transcript is from another case, the effect of the examination made by Mr. Nolan is the same as would be a declaration supplied by him in this case. Nolan was asked questions under oath and he answered them. [The restaurant] does not explain why statements made by Nolan in the criminal trial should not be used here. Plaintiff does not seek to use the transcript to collaterally estop [the restaurant] from presenting any defenses or facts at a trial of this case; plaintiff simply seeks to raise a triable issue of material fact with respect to a duty of care which he contends [the restaurant] owed to him, and thereby defeat [the restaurant's] motion for summary judgment." (*Williams*, *supra*, 225 Cal.App.3d at p. 149, fn. omitted.) The court added in footnote: "Such testimony could not be received in this case over a hearsay objection on the ground that it is admissible under the 'former testimony' exception. Under Evidence Code section 1292, subdivision (a), it is required that the declarant (i.e., Mr. Nolan) be unavailable as a witness. No such showing is made here. However, inasmuch as the recorded testimony was offered in support of the opposition to a summary judgment motion and serves effectively as a declaration by Mr. Nolan, we treat it here as such." (*Ibid.*, fn. 3.)

The holding in *Williams* was rejected in *Gatton*, *supra*, 64 Cal.App.4th 688. The court there stated, "We cannot abide *Williams*'s disregard of [the

summary judgment statute]. Summary judgment is based on all of the evidence set forth in the papers 'except that to which objections have been made and sustained' (§ 437c, subd. (c)). The statute does also direct that '[e]videntiary objections not made at the hearing shall be deemed waived' (*id.*, subd. (b)), and it would appear from the opinion that the restaurant's lack of authority or argument may have constituted a waiver justifying use of the trial transcript for motion purposes, or that failure to pursue the arguments with proper briefing on appeal was also a waiver. [Citation.] But these were not the reasons given in *Williams*, and for *Williams* to suggest that a proper objection would have been meritless simply guts the summary judgment statute and the Evidence Code. No case of which we are aware has ever cited *Williams* for that proposition." (*Id.* at p. 694.)

The *Gatton* court characterized as "unpersuasive" Williams's "casual view of trial testimony from another trial and declarations on summary judgment as being 'the same.' " (*Gatton, supra,* 64 Cal.App.4th at p. 694.) The *Gatton* court pointed out that "[o]ur Legislature has given this careful consideration and decided otherwise, mandating both unavailability, to ensure necessity, and a similar interest and motive in the prior proceeding, to ensure fairness. (Evid. Code, § 1292, subd. (a).) *Williams* pays no attention at all to the similarity requirement, and it is hard to see how the prosecution or the defendant driver in the criminal trial would have been motivated to look after the restaurant's civil liability interests." (*Gatton, supra,* 64 Cal.App.4th at p. 694.)

The *Gatton* court, noting that a summary judgment allows a use of affidavits while trial ordinarily would not, and that for an affidavit to meet summary judgment standards, the affiant must show that if sworn as a witness he or she can testify competently to the evidentiary facts contained in the affidavit, concluded that testimony from another case does not provide such assurance. (*Gatton, supra,* 64 Cal.App.4th at pp. 694-696.) We agree.

Subdivision (a) of Evidence Code section 1292 requires unavailability and more before testimony can be admitted at a trial. L&B made no showing that the witnesses who testified during the criminal trial are unavailable, and a section 1292 objection was lodged by real party in interest. Summary judgment is based on all of the evidence set forth in the papers "except that to which objections have been made and sustained." (§ 437c, subd. (c).) The trial testimony submitted by L&B in support of its summary judgment motion was inadmissible under Evidence Code section 1292, subdivision (a). Because this was the only proffered evidence tending to show that the decedent was on L&B's premises to participate in an attempted robbery, we conclude that L&B failed to show that it did not owe a duty of care to the decedent.

## IV. DISPOSITION

The petition for writ of mandate is denied. The temporary stay is vacated. Petitioners to bear the costs of this petition.

Fukuto, J., and Nott, J., concurred.

Petitioners' application for review by the Supreme Court was denied January 13, 1999. Mosk, J., was of the opinion that the application should be granted.