Filed 9/30/15  Townsend v. Special Parking Services, Inc. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL TOWNSEND, | |
| Plaintiff and Appellant, | G050298 |
| v. | (Super. Ct. No. 30-2013-00625815) |
| SPECIAL PARKING SERVICES, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Linda S. Marks, Judge.  Reversed.

John L. Dodd & Associates, John L. Dodd, Andrea F. Jackson, and John Benjamin Ekenes; and Timothy J. Donahue for Plaintiff and Appellant.

Bremer, Whyte, Brown & O'Meara, Keith G. Bremer and Kyle P. Carroll; and Everett L. Skillman for Defendant and Respondent.

\*          \*          \*

Plaintiff and appellant Michael Townsend sued defendant and respondent Special Parking Services, Inc. (Special Parking) for injuries he suffered when a drunk driver ran into him as he was walking into a parking lot. Townsend alleged Special Parking was liable because it negligently owned, operated, and controlled the parking lot where the accident occurred and the valet parking service that returned the car to the drunk driver just before the accident.

Special Parking moved for summary judgment on the grounds it owed no duty to withhold an intoxicated driver's vehicle. Alternatively, Special Parking contends it did not breach any duty because the driver told the valet she did not intend to drive but needed the keys to get into her house and she would return in the morning to pick up her car. The only evidence Special Parking offered to support its motion was the driver's deposition testimony taken in another case.

Townsend filed written evidentiary objections and also orally objected to the deposition transcript at the hearing on Special Parking's motion. He objected to the entire transcript as inadmissible hearsay because it was taken in a separate action involving different parties and issues. The trial court overruled Townsend's objections, finding they were not properly formatted, failed to adequately identify the specific testimony to which Townsend objected, and failed to adequately identify the basis for the objections. Based on the deposition testimony, the court found Special Parking met its initial burden and the court granted the motion because Townsend failed to offer evidence creating a triable issue.

We reverse. Although the trial court acted within its discretion in overruling Townsend's written objections because they were not properly formatted and failed to adequately identify the specific testimony to which he objected, the court erred in failing to rule on the merits of Townsend's oral objections. The court had a duty to rule on the oral objections because they adequately informed the court that Townsend objected to the driver's entire deposition transcript as inadmissible hearsay. Based on the

2

trial court's failure to rule on the oral objections, we presume the court overruled them and therefore must consider whether the court's implied ruling was correct.

As statements made outside of court, the driver's deposition testimony was hearsay and Special Parking had the burden to establish an exception to the hearsay rule that made the testimony admissible. Special Parking argues the testimony was admissible under hearsay exceptions for former testimony and declarations against interest, but to invoke those exceptions Special Parking must show the driver was unavailable to testify in this action. Special Parking failed to make that showing. Accordingly, the driver's testimony was inadmissible and the trial court erred in granting summary judgment because Special Parking had no evidence to meet its initial burden without the deposition testimony.

I

FACTS AND PROCEDURAL HISTORY

In May 2011, Danielle Costa and friends visited several restaurants and bars in Newport Beach, California. She left her car with the valet at one of the first restaurants she visited. At the evening's end, she returned to the restaurant in a taxi to retrieve her keys from the valet, telling him she needed the keys to get into her house and that she would return the next day to retrieve her car. Once she had the keys, however, Costa decided to drive home. As she drove out of the parking lot, she struck Townsend, who was walking into the lot.[1] Costa was arrested and charged with driving under the influence because her blood alcohol level was 0.18 at the time of the accident.

---

[1]  The parties dispute exactly where the accident occurred. Townsend contends the accident occurred as Costa was exiting the parking lot, and Special Parking contends it occurred about 50 feet outside the parking lot in the street. We need not resolve this dispute nor decide whether it constitutes a triable issue of material fact because we conclude Special Parking failed to present admissible evidence to support this and most of the other facts it cited.

3

Townsend filed suit against Costa to recover for the significant injuries he suffered. In that action, he deposed Costa about the accident, but the record fails to show whether or how that case was resolved. In January 2013, Townsend filed this separate lawsuit against Special Parking and the owners of the two restaurants that shared the parking lot where the valet had parked Costa's car.[2] Townsend alleged claims against all defendants for "Negligence – Premises Liability," "Violation – Civil Code 3493," "Negligence per se – violation CC 3493," and "Negligence per se – Violation Vehicle Code 23153." He alleged all defendants "unreasonably and negligently owned, leased, entrusted, maintained, inspected, repaired, monitored, [e]quipped, adjusted, designed, arranged and used the parking lot, where the subject accident occurred."

Special Parking moved for summary judgment, or alternatively, summary adjudication, arguing all of Townsend's claims failed as a matter of law because (1) Special Parking did not owe Townsend any duty based on *Knighten v. Sam's Parking Valet* (1988) 206 Cal.App.3d 69, which held a valet parking service owes no duty to withhold an intoxicated patron's vehicle; (2) Special Parking did not breach any duty because the valet gave Costa her car keys based on her representation she needed the keys to get into her house and she would return in the morning to pick up her car; and (3) Costa's consumption of alcohol and her driving were the proximate cause of Townsend's injuries under Business and Professions Code section 25602 and *Knighten*. In support, Special Parking's attorney filed a declaration that attached a copy of Townsend's complaint and the transcript of Costa's deposition in Townsend's earlier action against her. Costa's deposition testimony was the only evidence Special Parking offered to establish the events surrounding the accident. Townsend's generic complaint

_____

[2] These other defendants are Russell E. Fluter, individually and as Trustee of % Newport Mama, Sol Cocina, 3Thirty3 Newport Beach Limited Partnership, 333 Bayside LLC, Newport Blu, Inc., Jeff Reuter, Deborah Schneider, Pacific Bayside Plaza, LLC, and 3Thirty3 Waterfront. None of these defendants is a party to this appeal.

4

provides none of the details about the accident on which Special Parking based its motion.

In opposition, Townsend argued Special Parking failed to meet its initial burden because it did not address all of Townsend's liability theories and failed to present admissible evidence to meet its initial burden. Townsend argued Costa's entire deposition was inadmissible hearsay because it was taken in another action. Townsend filed a separate written objection to the declaration of Special Parking's counsel and also orally objected to Costa's entire deposition transcript at the summary judgment hearing.[3]

The trial court overruled Townsend's evidentiary objections without considering their merits because the court found the objections were not in the proper form, failed to quote the specific testimony to which Townsend objected, and failed to adequately identify the grounds for the objections. Based on Costa's deposition testimony, the trial court granted Special Parking's summary judgment motion because it showed Special Parking did not owe Townsend a duty to withhold Costa's car from her and Townsend failed to present evidence establishing a triable issue of fact. Townsend timely appealed from the trial court's judgment.

II

DISCUSSION

A.    *Governing Summary Judgment Principles*

"'A defendant moving for summary judgment bears the initial burden to show the plaintiff's action has no merit. [Citation.] The defendant can meet that burden by either showing the plaintiff cannot establish one or more elements of his or her cause

---

[3]    Townsend's opposition also asked the court to continue the hearing on the motion to allow Townsend to depose two other defendants. The court granted Townsend's continuance request and granted him leave to file a new responsive separate statement based on the information discovered during the two depositions.

of action or there is a complete defense to the claim. [Citations.] To meet this burden, the defendant must present evidence sufficient to show he or she is entitled to judgment as a matter of law. [Citation.] "'If a plaintiff pleads several theories, the defendant has the burden of demonstrating there are no material facts requiring trial on any of them.'"" (*Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 962 (*Swanson*); see *Johnson v. Superior Court* (2006) 143 Cal.App.4th 297, 304.)

"'Once the defendant meets that burden, the burden shifts to the plaintiff to present evidence establishing a triable issue exists on one or more material facts.' [Citation.] The plaintiff opposing the motion, however, has no burden to present any evidence until the defendant meets his or her initial burden." (*Swanson*, *supra*, 232 Cal.App.4th at p. 963; see *Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144 (*Dollinger*) ["If the defendant fails to make this initial showing, it is unnecessary to examine the plaintiff's opposing evidence and the motion must be denied"].)

Subject to the parties' evidentiary objections (Code of Civ. Proc., § 437c, subd. (c)),[4] the permissible evidence on a summary judgment motion includes "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" (§ 437c, subd. (b)(1)). In ruling on the motion, the trial court "shall consider all of the evidence set forth in the papers, except that to which objections have been made and sustained by the court." (§ 437c, subd. (c).)

We review a trial court's ruling on a summary judgment motion de novo, applying the same analysis as the trial court to determine whether the moving party presented sufficient evidence to negate an essential element of the opposition's claim and, if so, whether the opposition presented sufficient evidence to establish the existence

---

[4] All statutory references are to the Code of Civil Procedure unless stated.

of a triable issue of material fact.  (*Swanson*, *supra*, 232 Cal.App.4th at p. 963; *Dollinger*, *supra*, 199 Cal.App.4th at p. 1144.)

"'A different analysis is required for our review of the trial court's . . . rulings on evidentiary objections.  Although it is often said that an appellate court reviews a summary judgment motion "de novo," the weight of authority holds that an appellate court reviews a court's final rulings on evidentiary objections by applying an abuse of discretion standard.'"  (*Miranda v. Bomel Construction Co., Inc.* (2010) 187 Cal.App.4th 1326, 1335; see *DiCola v. White Brothers Performance Products, Inc.* (2008) 158 Cal.App.4th 666, 679.)

B.     *The Trial Court Abused Its Discretion in Overruling Townsend's Evidentiary Objections to Costa's Deposition Testimony*

1.     The Trial Court Erred in Failing to Consider the Merits of Townsend's Objections

Townsend contends the trial court erred in overruling his evidentiary objections to Costa's entire deposition based solely on the form of his written objections.  Townsend also asserts the court erred in failing to consider the oral objections he made at the hearing on Special Parking's motion.  We agree with the latter contention.

On a summary judgment motion, a party must assert all objections to its opponent's evidence "at the hearing" or the objections "shall be deemed waived." (§ 437c, subds. (b)(5) & (d).)  "[W]ritten evidentiary objections made *before* the hearing, as well as oral objections made at the hearing are deemed made 'at the hearing' under section 437c, subdivisions (b)(5) and (d), so that either method of objection avoids waiver."  (*Reid v. Google* (2010) 50 Cal.4th 512, 531-532 (*Reid*); Cal. Rules of Court, rule 3.1352.)  The trial court has a duty to rule on all properly made evidentiary objections.  (*Reid*, at pp. 532-533.)  An appellate court must presume the trial court overruled all objections on which it did not expressly rule, and must determine the correctness of that presumed ruling.  (*Id*. at pp. 533-534.)

7

California Rules of Court, rule 3.1354 (Rule 3.1354) governs the format of all written objections and provides that they must "be served and filed separately from the [objecting party's] other papers," must clearly identify the precise testimony or item of evidence to which the party objects, and must state the ground for each objection.[5] (Rule 3.1354(b).) The trial court may refuse to consider written objections that do not comply with Rule 3.1354. (*Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 8 (*Hodjat*).) By its terms, Rule 3.1354 only applies to written objections. To avoid a waiver, an oral objection lodged at the hearing need only identify the challenged evidence and "'make clear the specific ground of the objection.'" (*Cole v. Town of Los Gatos* (2012) 205 Cal.App.4th 749, 764, fn. 6 (*Cole*), quoting Evid. Code, § 353, subd. (a), italics omitted.)

Here, Townsend objected to Costa's deposition testimony three separate times. First, in his points and authorities, Townsend included a section in which he objected to Costa's entire deposition transcript as inadmissible hearsay because it was from a separate case involving different parties and issues. To support this objection, he cited section 2025.620 regarding the permissible use of deposition transcripts at trial or other hearings. Second, Townsend filed a separate document objecting to the entire declaration Special Parking's counsel filed to support the motion. This document stated, "Objection, hearsay, improper opinions and conclusions, no personal knowledge. [¶] An attorney's declaration, stating that everything attached hereto, is true and correct, does

---

5    More specifically, Rule 3.1354 provides, "Each written objection must be numbered consecutively and must:  [¶] (1) Identify the name of the document in which the specific material objected to is located; [¶] (2) State the exhibit, title, page, and line number of the material objected to; [¶] (3) Quote or set forth the objectionable statement or material; and [¶] (4) State the grounds for each objection to that statement or material." (Rule 3.1354(b).) The rule also requires the objecting party to submit the objections in one of the two formats described in the rule and to provide a proposed order for the court to use in ruling on the objections. (Rule 3.1354(b) & (c).)

8

not lay foundation." Finally, at the hearing on Special Parking's motion, Townsend's counsel orally objected that Costa's entire deposition transcript was inadmissible because it was taken in a separate case where the parties and issues were "completely different." Again, Townsend cited section 2025.620 to support the objection.[6]

In granting the motion, the trial court did not reach the merits of Townsend's objections. Instead, it simply stated, "[Townsend's] objection to the Declaration of [Special Parking's counsel are] overruled as improperly formatted, failing to quote objectionable material and failing to provide grounds for objection." On its face, the ruling appears to apply only to Townsend's separate written objections to the declaration of Special Parking's counsel rather than the specific objections to Costa's deposition testimony. As applied to that objection, the ruling was within the trial court's discretion because the objection did not identify any particular part of the declaration nor did it explain how the entire declaration was inadmissible. The trial court was not required to search through counsel's declaration to determine which parts possibly were objectionable, and Townsend bore the burden to show the entire declaration was inadmissible. (See Rule 3.1354(a); *Hodjat*, *supra*, 211 Cal.App.4th at p. 8; *Cole*, *supra*, 205 Cal.App.4th at p. 764 & fn. 6.)

As applied to the objections Townsend stated in his points and authorities, the trial court's ruling also fell within its discretion because those objections were not placed in a separate document as required under Rule 3.1354. (*Public Utilities Com. v. Superior Court* (2010) 181 Cal.App.4th 364, 376-377, fn. 9 [party waived evidentiary

_____

[6] Specifically, Townsend's counsel orally objected, "The . . . only piece of evidence that they're offering is completely inadmissible. The court can't accept a . . . deposition from a different case. CCP 2025.620, we objected to it over and over. Can't accept the [deposition]. They have absolutely no evidence. None. [¶] The next point is that, even if you could accept a [deposition] from some other case – which you can't clearly under the statute – if it was taken in this case, yes. Not from another case because the issues are completely different. The parties are different. So its inadmissible. . . ."

9

objections by placing them "in the middle of the points and authorities it offered in support of it's motion" rather than in separate document as required by Rule 3.1354].)

It is unclear whether the trial court intended its ruling also to apply to the oral objections Townsend's counsel made at the hearing. The court's ruling merely stated it overruled Townsend's objection to the declaration of Special Parking's counsel. Townsend, however, did not orally object to that declaration. Rather, the oral objections focused on the admissibility of Costa's deposition transcript from the other action. Regardless of whether the trial court intended its ruling to apply to the oral objections or it failed to rule on those objections, the court erred because Townsend lodged his objections in the proper manner.

As explained above, oral objections are not subject to the same formatting requirements as written objections. They simply must identify the evidence to which they apply and the ground on which they are made. At the hearing, Townsend's counsel referred to his written objections and made clear Townsend objected to Costa's entire deposition transcript because it was from a separate action involving different parties and issues. These oral statements adequately identified the objectionable evidence – Costa's entire deposition transcript –and the grounds for Townsend's objections – the transcript was inadmissible hearsay because it was from a separate action. Nonetheless, the trial court did not rule on the merits of these objections. We therefore must presume the court overruled the objections, and must determine the correctness of those presumed rulings. (*Reid*, *supra*, 50 Cal.4th at p. 534.)

2.      Costa's Entire Deposition Transcript Was Inadmissible

Special Parking concedes Townsend objected to Costa's deposition on the "grounds that it was hearsay and violated Section 2025.620." Deposition testimony from another action is inadmissible hearsay unless the proponent of that testimony establishes a hearsay exception applies. (*Gatton v. A.P. Green Services, Inc.* (1998) 64 Cal.App.4th

10

688, 692-693 (*Gatton*); see *L&B Real Estate v. Superior Court* (1998) 67 Cal.App.4th 1342, 1346-1348 (*L&B Real Estate*).)  Special Parking contends Costa's deposition testimony is admissible under both the former testimony and declaration against interest exceptions to the hearsay rule.  We disagree.

Evidence Code sections 1290 to 1294 establish the former testimony exception to the hearsay rule and render a deposition taken in another action admissible when the proponent satisfies the exception's requirements.[7]  Evidence Code section 1291 governs testimony from a former action offered against a party to that action, and Evidence Code section 1292 governs testimony from a former action offered against a person who was not a party to that action.  Although the requirements of these two sections differ slightly, they both require that (1) the person deposed in the earlier action must be unavailable to testify in the current action, and (2) the party against whom the former testimony is offered "had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which [he or she has in the current action]."[8] (Evid. Code, §§ 1291, subd. (a); 1292, subd. (a).)

---

[7]    Both sides also cite section 2025.620 as governing the admission of deposition testimony.  That section, however, governs the admission of deposition testimony in the action in which the deposition was taken while Evidence Code sections 1290 to 1294 govern the admissibility of deposition testimony from a separate action.  (*N.N.V. v. American Assn. of Blood Banks* (1999) 75 Cal.App.4th 1358, 1395; Cal. Law Revision Com. com., 29B pt. 4 West's Ann. Evid. Code (1995 ed.) foll. § 1290, p. 370.)  Section 2025.620 includes a limited exception authorizing the use of depositions from a previous action "as if originally taken in [the current] action" when the current action involves "the same subject matter [and] is . . . brought between the same parties or their representatives or successors in interest."  (§ 2025.620, subd. (g).)  Here, this action is not brought between the same parties as Townsend's action against Costa because there are no claims between Townsend and Costa in this action, and Special Parking does not suggest that either it or any other defendant is Costa's representative or successor in interest.  Section 2025.620, subdivision (g), therefore does not apply.

[8]    Evidence Code section 1291, subdivision (a), provides, "Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:  [¶]  (1) The former testimony is offered against a person

11

Here, Costa's deposition testimony is not admissible under the former testimony exception because Special Parking fails to show Costa was unavailable to testify in this action, either through another deposition or by declaration. Special Parking ignores the unavailability requirement and simply argues Costa's deposition transcript was admissible because the entire transcript consists of Townsend's counsel cross-examining Costa about the same underlying facts at issue in this action. Townsend responds that the issues and his interests are different in the two actions because the earlier action focused on Costa's negligence in operating her vehicle and this action examines Special Parking's conduct as the owner, possessor, or operator of the parking lot. We need not decide whether Townsend had a similar interest and motive in the two actions because the former testimony exception requires "both unavailability, to ensure necessity, and a similar interest and motive in the prior proceeding, to ensure fairness." (*Gatton*, *supra*, 64 Cal.App.4th at p. 694; see *L&B Real Estate*, *supra*, 67 Cal.App.4th at p. 1348.) Special Parking's failure to show Costa's unavailability compels the conclusion her deposition testimony is not admissible under the former testimony exception to the hearsay rule. (*L&B Real Estate*, at p. 1348 [concluding former testimony inadmissible on summary judgment motion because proponent of testimony failed to show witness was

who offered it in evidence in his own behalf on the former occasion or against the successor in interest of such person; or [¶] (2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

Evidence Code section 1292, subdivision (a), provides, "Evidence of former testimony is not made inadmissible by the hearsay rule if: [¶] (1) The declarant is unavailable as a witness; [¶] (2) The former testimony is offered in a civil action; and [¶] (3) The issue is such that the party to the action or proceeding in which the former testimony was given had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which the party against whom the testimony is offered has at the hearing."

unavailable]; *Gatton*, at p. 692 [failure to establish unavailability "was a sufficient ground alone for exclusion" of deposition transcript on summary judgment].)

Evidence Code section 1230 establishes the declaration against interest exception and makes a hearsay statement admissible when (1) the declarant is unavailable; (2) the statement was against the declarant's interest when made; and (3) the statement was sufficiently reliable to warrant admission despite its hearsay character. (Evid. Code, § 1230; *Clark v. Optical Coating Laboratory, Inc.* (2008) 165 Cal.App.4th 150, 170.) Special Parking contends Costa's deposition transcript is admissible under this exception because she made numerous statements during the deposition that were against her interest. Special Parking, however, again fails to show Costa was unavailable to testify in this action and therefore Costa's deposition testimony is not admissible as a declaration against interest.

Citing *People v. Williams* (1988) 44 Cal.3d 883, Special Parking also argues Townsend waived any objection to Costa's deposition transcript because (1) his interrogatory responses identified the transcript as evidence that supported his claims, and (2) his appellate brief relied on the transcript. *Williams* explains, "It is axiomatic that a party who himself offers inadmissible evidence is estopped to assert error in regard thereto." (*Id*. at pp. 912-913.) Townsend, however, did not offer Costa's deposition transcript into evidence so as to waive any objection to it. Townsend's discovery responses merely identified Costa's deposition as potential evidence. That is a far cry from offering it as evidence at a hearing or trial. Similarly, although Townsend's brief refers to Costa's deposition, the brief makes clear Townsend objected to the admissibility of the transcript and relies on it only to the extent the court overrules the objections.

Finally, Special Parking contends Townsend may not prevent the admission of Costa's deposition testimony by "improperly split[ting] his cause of action." Special Parking cites no authority that required Townsend to sue Costa and Special Parking in the same action or that required Townsend to waive his objections to Costa's deposition

13

testimony if he failed to join them in the same action.  Special Parking was free to seek to consolidate the two actions, and, if it could not consolidate the actions, Special Parking was free to depose or otherwise obtain Costa's testimony in this action.

C.      *Without Costa's Deposition Testimony, Special Parking Failed to Meet Its Initial Summary Judgment Burden*

Costa's deposition testimony was the only evidence Special Parking submitted to support its motion other than a copy of Townsend's complaint.   Special Parking relied on Costa's testimony to support virtually every fact set forth in its separate statement, and it failed to explain how it could meet its initial burden without Costa's testimony.  We therefore conclude Special Parking failed to meet its initial burden and the burden never shifted to Townsend to present evidence establishing a triable issue of material fact.  (*Swanson*, *supra*, 232 Cal.App.4th at p. 963; *Dollinger*, *supra*, 199 Cal.App.4th at p. 1144.)  The trial court erred by reaching the opposite conclusion.

III

DISPOSITION

The judgment is reversed.  Townsend shall recover his costs on appeal.

ARONSON, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

THOMPSON, J.

14